IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RICHARD BARTRON,**

    Plaintiff,
v.                                                            CASE NO. 1:06-cv-00067-MP-AK

**MONICA DAVID,**
**FLORIDA PAROLE COMMISSION,**
**JIMMIE HENRY,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

By Order dated October 16, 2006, Plaintiff was advised that his complaint failed to state a claim and was directed to file an amended complaint setting forth his claims with more specificity and detail. (Doc. 11). When no amended complaint was filed by the time set forth in the Court's previous Order, an Order to Show Cause was entered. (Doc. 13). Plaintiff responded that he wanted the Magistrate Judge to proceed with his recommendation that the case be dismissed and that Plaintiff would raise his arguments for acceptance of the original complaint in Objections that he would file to the report and recommendations of the undersigned. (Doc. 14).

As set forth in the Court's previous Order, Plaintiff alleges that he is challenging the procedures employed by the Parole Commission in their decision in November 2003, to establish his new PPRD at December 26, 2036. He does not identify the precise procedures that violated his due process rights or the specific statutes or amendments that he claims were applied to his sentence thereby violating the ex post facto clause.

Pursuant to California Dep't of Corrections v. Morales, 514 U.S. 499, 511-512 (1995), due process procedural concerns are: (1) whether inmates were given a full hearing to evaluate if it was unreasonable to expect that parole would be granted during the interim years; (2) whether the parole board stated its findings in writing and advised why it was not likely that an inmate would be granted parole in the following years; and (3) if the board had discretion to alter the frequency of parole hearings.  Plaintiff has identified no procedures which he claims were not used by the commission.

To violate the Ex Post Facto Clause, Plaintiff must show that a new statute inflicted "a greater punishment, than the law annexed to the crime, when committed." Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997), *quoting*, Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798).  An ex post facto law applies to "events occurring before its enactment" and disadvantages the offender by "altering the definition of criminal conduct or increasing the punishment for the crime." Lynce, 519 U.S. at 441, 117 S. Ct. at 896, *quoting* Collins v. Youngblood, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990).  Thus, the issue is "whether [the new law] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes."  Morales, 514 U.S. at 509.

Plaintiff states that the parole laws have changed and they "affect me adversely and result not in a longer sentence, but harsher, more severe punishment."  (Doc. 1, p. 4).  He does not explain what laws changed, how they changed, and how they have resulted in a harsher punishment.

Thus, the undersigned requested an amended complaint providing more

detail about Plaintiff's claims.  He refuses to file an amended complaint, and apparently wishes to stand upon the original complaint as filed.  Thus, it is herein recommended that the original complaint be dismissed on two grounds: (1) failure to prosecute; and (2) failure to state a claim.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  Plaintiff has failed to comply with an Order of this Court directing that he file an amended complaint. (Doc. 11).  Further, as set forth above, Plaintiff has not provided sufficient factual detail to support his claims that actions taken by the Florida Parole Commission have violated his due process and other constitutional rights.   Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 27th Day of December, 2006.

       s/ A Kornblum
      **ALLAN KORNBLUM**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**